BEFORE THE THIRD DIVISION, JANUARY 14, 1942

**No. 46821.**—Protests 78535–K, etc., of H. A. Johnson & Co. et al. (New York).

Opinion by CLINE, J. In view of Abstract 45762 and in accordance with stipulation of counsel that the ginger is not composed in chief value of manufactured sugar it was held that the tax is not applicable thereto.

**No. 46822.**—Protest 42795–K of Bullocks, Inc. (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel and following Abstract 46415 the articles in question were held not subject to countervailing duty.

**No. 46823.**—Protest 42794–K of Barker Bros. (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel and following Abstract 46415 the table damask cloths in question were held not subject to countervailing duty.

BEFORE THE FIRST DIVISION, JANUARY 15, 1942

**No. 46824.**—Protests 26590–K, etc., of Canadian White Pine Co., Ltd., et al. (New York).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing, tonguing, and grooving. The protests were therefore sustained.

**No. 46825.**—Protest 67823–K of New York Merchandise Co., Inc. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel that the merchandise consists of clothes brushes similar to those the subject of *United States* v. *Heinrich Herrmann & Weiss* (26 C. C. P. A. 292, C. A. D. 30) the claim at 50 percent under paragraph 1506 was sustained.